UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANIEL NAKIA H., | Civil Action No. 19-8972 (MCA) |
| Petitioner, | |
| v. | OPINION |
| CHARLES GREEN, | |
| Respondent. | |

## I. INTRODUCTION

This matter having come before the Court on Petitioner's submission of a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the Petition for relief, Petitioner alleges that he has been detained without bond by the Department of Homeland Security ("DHS") since July 18, 2017. ECF No. 1, Pet. at ¶ 6. For the reasons explained in this Opinion, the Court will grant the writ of habeas corpus and direct the government to provide Petitioner with an individualized bond hearing before an immigration judge within 7 days, pursuant to the standards set forth in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231–35 (3d Cir. 2011).

## II. FACTUAL BACKGROUND

The Court recounts only those facts necessary to resolve the instant habeas matter. Petitioner is a native and citizen of Jamaica. ECF No. 1, Pet. ¶ 1. On January 5, 2003, Petitioner was admitted to the United States as a lawful permanent resident. ECF No. 6-4, Ex. 4, Notice to Appear. On March 17, 2017, Petitioner was convicted in the Superior Court of New Jersey, Passaic County, of distribution, dispensing, or possession within intent to distribute a controlled dangerous substance, marijuana, on or near school property in violation of N.J. Stat. Ann. §

2C:35-7, 3rd Degree and 2C:35-5A. *See* ECF No. 6-2, Exhibit 2, Judgment of Conviction, Indictment and Transcript of Guilty Plea.

On July 20, 2017, the U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), took Petitioner into custody in Newark, New Jersey. ECF No. 6-1, Exhibit 1, Record of Deportable/Inadmissible Alien; *see also* ECF No. 6-3, Exhibit 3, D.H.S. Warrant for Arrest of Alien. ICE served Petitioner with a Notice to Appear ("NTA") charging him as being inadmissible pursuant to the Immigration and Nationality Act ("INA") section 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), in that, at any time after admission, Petitioner was convicted of a violation (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. § 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana. *See* ECF No. 6-4, Exhibit 4, Notice to Appear. ICE also served Petitioner with a Notice of Custody Determination informing the Petitioner that he would be detained by DHS and was subject to mandatory detention under INA § 237(a), 8 U.S.C. § 1227(a). ECF No. 6-5, Exhibit 5, Notice of Custody Determination.

Petitioner's underlying immigration case was pending before an Immigration Judge for nearly two years, from August 23, 2017 until he was ordered removed on August 15, 2019. Respondents have submitted a declaration from Paralegal Specialist Elizabeth Burgus ("Burgus Decl.") who reviewed the EOIR Electronic Database records in connection with Petitioner's underlying removal proceedings. ECF No. 6-6, Burgus Decl. at ¶ 2. Based on her review, Burgus states that Petitioner received numerous adjournments to seek representation, prepare his case, and prepare an application for asylum. *See generally* Burgus Decl. at ¶¶ 3, 5, 6-9, 11-12, 17-19. Several hearing dates were also adjourned for reasons that were out of Petitioner's control, such

as case management, judge reassignment, and closure of the immigration Court. *See id.* at ¶¶ 13-16.

Respondent has also supplemented the record with a copy of the April 3, 2019 Transcript ("Transcript") from a hearing in Petitioner's underlying removal case. ECF No. 8, 8-1, Transcript of April 3, 2019 Hearing. In the Transcript, the Immigration Judge questions Petitioner about his failure to submit a I-589 application for asylum and withholding of removal. The Immigration Judge notes that Petitioner has had the application for "several months" and has completely disregarded her instructions. Petitioner states that he needs more time as he is proceeding without an attorney and is waiting on documents from Jamaica. *See id.* at 1-7. The government notes on the record that the Immigration Judge gave Petitioner an application and instructed him how to prepare and file it on January 29 and February 14, 2019. *Id.* at 4. The government objects to any further continuances, and asks that the Immigration Judge order Petitioner removed. *Id.* The Immigration Judge explains on the record that Petitioner has had two months to submit the application for asylum. *Id.* at 6. The Immigration Judge then makes the following finding on the record:

> And for the record, sir, in the event you are seeking a habeas, everything is noted on the record, that you purposely delayed the hearings. No, one – one minute I'm making a comment.
>
> . . . .
>
> I'm making a comment. You delayed the proceedings, sir. I'm granting you one last continuance. Your next court date shall be May 23rd, May 23rd, 2019 at 8:30.

*Id.* at 7.

On May 1, 2019, Petitioner filed his application for asylum. *See* Burgus Decl. at ¶ 20. On August 15, 2019, the Immigration Judge ordered Petitioner removed from the United States. *See* ECF No. 11. Petitioner then filed an appeal to the Board of Immigration Appeals ("BIA"), which

3

was dismissed on January 24, 2020. *See* CMECF Third Circuit Docket, *Henry v. Attorney General*, Appeal No. 20-1272, No. 1-2. Petitioner filed a petition for review with the Third Circuit, and a temporary stay was entered on February 6, 2020. *See id.* at 5-2. On March 16, 2020, the Third Circuit vacated its prior Order, granted Petitioner's unopposed motion for a stay of removal pending appeal, and issued a briefing schedule. *Id.* at Nos. 8, 12, 13. The petition for review remains pending.

### III. ANALYSIS

In light of the stay entered by the Third Circuit Court of Appeals, the current basis for Petitioner's detention is 8 U.S.C. § 1226(c). *See Leslie v. Att'y Gen.*, 678 F.3d 265 (3d Cir. 2012) ("Our review indicates that every circuit to consider the issue has held that § 1226, not § 1231, governs detention during a stay of removal.") (citations omitted). The government asserts that Petitioner's continued detention without an individualized bond hearing is authorized by 8 U.S.C. § 1226 and points to the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018), which abrogated, at least in part, the Third Circuit's prior precedents in *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011). *See* ECF No. 6. The government also argues that Petitioner's detention continues to serve the purpose of the statute. *See id.* In supplementing the record with the Transcript of Petitioner's April 3, 2019 Hearing, Respondents also appear to argue that Court should deny relief because Petitioner has delayed his removal proceedings in bad faith. *See* ECF No. 8, 8-1.

The Supreme Court first considered the constitutionality of prolonged detention pursuant to § 1226(c) in *Demore v. Kim*, 538 U.S. 510 (2003). There, the Court determined that the statute was facially constitutional as "[d]etention during removal proceedings is a constitutionally

permissible part of that process." *Id.* at 531. In reaching this conclusion, the Court noted that in most cases detention under the statute lasted only a month and a half and that even in cases where an appeal was taken to the Board of Immigration Appeals ("BIA"), detention pursuant to § 1226(c) lasted an average of four months, indicating that detention under the statute was often brief and had a defined beginning and end point at the conclusion of removal proceedings. *Id.* at 529. Because the Court found the statute constitutional, it rejected Petitioner's challenge even though Petitioner had spent a period of approximately six months in detention. *Id.* at 530. Thus, after *Demore* it was clear that detention for less than six months was insufficient to support an as-applied challenge to detention under the statute.

Subsequently, in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011), the Third Circuit applied the canon of constitutional avoidance to § 1226(c), and "conclude[d] that the statute implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Because the Third Circuit did "not believe that Congress intended to authorize prolonged, unreasonable detention without a bond hearing," it determined that § 1226(c) must be read to "contain[ ] an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length [and the statute] yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose" when this "implicit limitation" is exceeded. *Id.* at 235. The determination of whether a given period of detention is reasonable is a fact specific inquiry "requiring an assessment of all of the circumstances of a

given case" *Id.* at 234; *see also Dryden v. Green*, 321 F.Supp.3d 496, 499–500 (D.N.J., 2018) (explaining same).

Subsequently, in *Chavez–Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), the Third Circuit again determined that § 1226(c) should be read to contain an implicit reasonableness limitation, and that detention beyond the point of reasonableness absent a bond hearing would be unconstitutional. *Id.* at 475. The Third Circuit further held that, absent bad faith on the part of Petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore v. Kim*, 538 U.S. 510, 532–33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478.

On the issue of bad faith, the Third Circuit acknowledged that "[a]n argument could be made that aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would not otherwise get under the statute." *Id.* at 476. Because the court concluded that Chavez–Alvarez did not act in bad faith in challenging his removal, it declined to decide whether an alien's delay tactics should preclude a bond hearing. *Id.* at 476.

In *Jennings v. Rodriguez*, 538 U.S. ––––, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018), the Supreme Court reversed the Ninth Circuit holding that three detention provisions of the INA—8 U.S.C. §§ 1225(b), 1226(a), and 1226(c)—did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed these three provisions to require an automatic bond hearing before the immigration judge ("IJ") at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). The

Court rejected the lower court's "implausible constructions" of the three detention statutes, and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention under the three provisions becomes prolonged. *Id.* at 842-47, 851. As such, the Court in *Jennings* expressly declined to consider the issue of whether unreasonably prolonged or indefinite detention under § 1226(c) comports with constitutional due process requirements. *See Lopez v. Sessions*, No. 18 CIV. 4189, 2018 WL 2932726 (RWS), at *13 (S.D.N.Y. June 12, 2018) ("The Court did not reach the merits of the constitutional challenge before it, instead holding that there was no statutorily-guaranteed right to 'periodic bond hearings' under Sections 1225(b) and 1226(c)."). Post-*Jennings*, a petitioner may still bring an as-applied challenge to his prolonged detention. *See Dryden*, 321 F. Supp.3d at 501 (finding that as-applied challenges remain viable post-*Jennings*).

*Jennings* abrogated the Third Circuit's holdings in *Diop* and *Chavez-Alvarez* to the extent those decisions rely on constitutional avoidance and read an implicit limitation of reasonableness into § 1226(c). Courts in this District, however, have found "[t]he constitutional reasoning that underlay the Third Circuit's invocation of the constitutional avoidance canon still provides some persuasive guidance to how this Court should address § 1226(c) claims" *See Dryden*, 321 F. Supp.3d at 502. Although the Third Circuit has not yet provided explicit guidance to lower courts grappling with Post-*Jennings* challenges to prolonged detention under § 1226(c), it has stated in dicta that "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (finding that the reasonableness inquiry it performed in *Diop* and *Chavez-Alvarez* is inappropriate in the context of § 1226(a)).

Here, Petitioner has been detained for over 32 months, well beyond the one-year outer limit set forth *Chavez-Alvarez*. Respondents, however, have provided an April 3, 2019 Transcript in which the Immigration Judge makes a finding that Petitioner purposely delayed his underlying immigration proceedings for approximately three months by failing to submit his asylum application as instructed. In light of this finding, the Court will subtract that period of time from its overall calculation. The Court does not conclude, however, that Petitioner is merely gaming the system to avoid removal or that he has engaged in any other delay tactics that amount to bad faith. The Court notes in this regard that the Immigration Judge made no findings regarding the cause of any other delays in Petitioner's immigration proceedings. That Petitioner sought continuances to seek representation, prepare his case, or submit applications for relief, without more, do not amount to bad faith sufficient to deny him a bond hearing. Petitioner also recently received a stay from the Third Circuit Court of Appeals, and his petition for review is still pending.

Viewing these circumstances as a whole, the Court finds that Petitioner's detention has become unreasonably prolonged such that due process requires that Petitioner be afforded an individualized bond hearing before an immigration judge. That bond hearing shall be conducted pursuant to the procedures and standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting that *Diop* places the burden of proof on the government in § 1226(c) cases). In light of the decision to grant the Petition, the Court will dismiss as moot Petitioner's motions seeking a ruling on his habeas petition. An appropriate Order follows.

THE HONORABLE MADELINE COX ARLEO
United States District Judge